# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:   Harry B Anderson & Janet P Anderson          Case No.   13-17046 - FJB

          Debtor(s)                                    Chapter   7

## DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes the Debtors, Harry B Anderson & Janet P Anderson, and opposes creditor's, Quincy Housing Authority, Motion for Relief from the Automatic Stay as follows:

### First Defense

Movant's counsel failed to hold a pre-filing conference as required under MLBR 9013-1(b).

Debtors respond to the remaining paragraphs as follows:

1. Admit.

2. Admit.

3. This paragraph contains conclusions of law to which no answer is required.

4. Debtors' are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph.

5. Denied.

6. Admit.  Debtors dispute any "retroactive rent" is owed.

7. Admit.

8. Admit.

9. Admit.

10. Denied.  Movant, upon information and belief, received notice of debtors bankruptcy filing prior to issuing a "Notice to Quit."  See Exhibit 'A'.

11. Denied.  No cause exists as debtors are current on their pre-petition and post-petition rent.  The debtors' dispute they owe any pre-petition "retroactive rent."

Movant is barred under 11. U.S.C. 525(a) from evicting the debtors from public housing for failure to pay discharged, pre-petition rent.  <u>Stoltz v. Brattleboro Housing Authority</u>, 315 F.3d 80 (2d Cir. 2002); <u>In re Aikens</u>, 503 B.R. 603 (Bankr. S.D.N.Y. 2014) ("Debtor can't lose her right to continued occupancy of public housing by reason of her failure to pay pre-petition debt.  So long as she continues to pay her post-petition debt, she will be protected by the automatic stay.").  Here, movant does not allege that the debtors are delinquent on their post-petition rent.  Thus, the debtors are entitled to the protections of the automatic stay.

Movant has filed an adversary proceeding contesting the dischargability of the alleged "retroactive rent."  Until this court decides that the alleged pre-petition "retroactive rent" is non-dischargeable, the debtors are entitled to the protections of the automatic stay.

Thus, movant has failed to demonstrate that cause exists for relief from the automatic stay.

WHEREFORE, Debtors respectfully request that this honorable Court deny movant's motion, an award of attorneys fees, and order such other relief as the Court may deem just and proper.

                                                Respectfully submitted,

                                                Harry B Anderson & Janet P Anderson,

                                                By their attorney,

                                                /s/ Steven Striffler
                                                Steven R. Striffler
                                                BBO No. 664224
                                                Law Office of Steven R. Striffler
                                                21 McGrath Highway, Suite 301
                                                Quincy, MA 02169
                                                (617) 290-1573

Date:   March 7, 2014.

## CERTIFICATE OF SERVICE

I, Steven Striffler, hereby certify that on 03/07/14, the following interested parties were served a copy of the foregoing documents via first class mail or electronically at:

Kathleen P. Dwyer
kdwyer@7trustee.net, ma18@ecfcbis.com,vmurphy@mhdpc.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Kier Wachterhauser on behalf of Creditor Quincy Housing Authority
kwachterhauser@mhtl.com


    /s/ Steven R. Striffler
    Steven R. Striffler